1

2

3

4

5

6
                             UNITED STATES DISTRICT COURT

7
                            EASTERN DISTRICT OF CALIFORNIA

8

9
RAMAZAN M.,                                        No.  1:25-cv-01356-KES-SKO (HC)

10
          Petitioner,

11
        v.                                       ORDER GRANTING PETITION FOR WRIT
                                 OF HABEAS CORPUS

12
TONYA ANDREWS, Facility                            Doc. 1
Administrator of Golden State Annex

13
Detention Facility; SERGIO ALBARRAN,
Acting Field Office Director of the San

14
Francisco Immigration and Customs
Enforcement Office; TODD M. LYONS,

15
Acting Director of United States
Immigration and Customs Enforcement;

16
KRISTI NOEM, Secretary of the United
States Department of Homeland Security;

17
PAMELA BONDI, Attorney General of the
United States,

18

19
         Respondents.

20

21
       Petitioner Ramazan M. is a former immigration detainee proceeding with a petition for

22
writ of habeas corpus.[1]  Doc. 1.  On November 10, 2025, the Court granted petitioner's motion

23
for preliminary injunction, finding that petitioner was likely to succeed on the merits of his claim

24
that his re-detention without a pre-deprivation bond hearing violated his rights under the Due

25
_____

26
[1] As recommended by the Committee on Court Administration and Case Management of the
Judicial Conference of the United States, the Court omits petitioner's full name, using only his
first name and last initial, to protect sensitive personal information.  *See* Memorandum re: Privacy

27
Concern Regarding Social Security and Immigration Opinions, Committee on Court
Administration and Case Management, Judicial Conference of the United States (May 1, 2018),

28
https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1    Process Clause of the Fifth Amendment.  *See* Doc. 9 at 6–13.  The Court set a briefing schedule

2    on the merits of the petition for writ of habeas corpus but noted that the parties could stipulate to

3    submitting the petition on the merits based on the current record.  On December 10, 2025,

4    respondents filed a notice of election, stating that they "rest on the previously submitted briefing

5    and submit the matter for the Court's resolution based on the current record."  Doc. 10 at 2.  The

6    Court has evaluated the petition, the parties' arguments, and the record in this case.  The Court

7    finds, for the reasons addressed in the Court's order granting a preliminary injunction, *see* Doc. 9

8    at 6–13, that petitioner's re-detention without a pre-deprivation bond hearing violated the Due

9    Process Clause of the Fifth Amendment.[2]

10         Accordingly, the petition for writ of habeas corpus, Doc. 1, is GRANTED.  Respondents

11   are ENJOINED AND RESTRAINED from re-detaining petitioner without at least ten days'

12   notice and unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond

13   hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community

14   such that her physical custody is legally justified.

15         The Clerk of Court is directed to close this case and enter judgment for petitioner.

16

17   IT IS SO ORDERED.

18      Dated:   January 22, 2026                    _____

19                                                   UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27   _____

28   [2] The Court need not address petitioner's other claims as petitioner is entitled to the relief he
     seeks based on the Court's ruling on this claim.

                                                2